## LIABILITY ON A FORFEITED RECOGNIZANCE.

Circuit Court of Cuyahoga County.

THE STATE OF OHIO, EX REL JOHN A. CLINE, PROSECUTING ATTORNEY, v. ANGELO LIGGOTTA, ANDREA CASTIG-LINE AND HARRY F. PAYER.

Decided, January 24, 1910.

*Recognizance—Must be Forfeited at Next Term of Court.*

Previous to the act of May 9, 1908 (99 O. L., 356), there could be no recovery against the sureties on a recognizance in a criminal case, for the appearance of the prisoner at the next term of court, unless at said term the prisoner was called, failed to appear and the recognizance was forfeited.

*John A. Cline* and *George C. Hansen*, for plaintiff in error.
*Harry F. Payer*, contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The relation of the parties here is as in the court below.

In that court a general demurrer was sustained to the second amended petition filed in the case, and the plaintiff not desiring to plead further, judgment was rendered for the defendants.

The present proceeding is prosecuted to reverse said judgment. The only question, therefore, is as to the sufficiency of such petition.

The petition alleges that Mr. Cline is prosecuting attorney for Cuyahoga county, Ohio, and that he brings the action on

behalf of the state. That Angelo Liggotta was indicted by the grand jury of said county on the 23d day of June, 1907, charged with the crime of shooting with intent to wound; that on the 5th day of July, 1907, all of the defendants personally appeared at the court of common pleas of said county and jointly and severally acknowledged themselves to owe unto the state of Ohio the sum of $2,000 to be levied of their goods and chattels, lands and tenements, if default should be made in the condition following, to-wit: that the said Angelo Liggotta should personally be and appear before the said court, at the next term thereof, and so from day to day, to answer unto the state of Ohio the said charge of shooting to wound, as contained in said indictment, and abide the judgment of the court in the premises, and not depart the court without leave. Said undertaking was in writing and duly filed in the said court. The next term of said court was the September term thereof, 1907. Said Liggotta did not appear at said September term of said court. On the last day of said September term the case under the said indictment was continued until the January term of said court.

Said Liggotta did not appear before the said court at the said January term, 1908, and from day to day, as by the terms of said recognizance he was bound to do, and said Angelo Liggotta did not abide the order of the court in the premises, but did depart without leave, contrary to the terms of said recognizance, and the said Angelo Liggotta then and there on the 9th day of February, A. D. 1908, at the January term of said court, was solemnly called to come into said court and answer unto the state of Ohio, the said charge preferred against him, and came not, but made default; that said defendants, Payer and Castigline, were then and there solemnly called to come into court and bring the said Angelo Liggotta, but they came not, but made default. By reason whereof it was then and there considered that the recognizance be and was thereby forfeited, absolutely, as is shown by the records of said court.

Prayer is therefore made for judgment against these defendants for said sum of $2,000.

The statute under which the recognizance was given is Section 7161, Reveised Statutes of Ohio, and reads:

"If the offense is bailable and the prisoner offers sufficient bail, a recognizance shall be taken for his appearance to answer the charge before the court of common pleas on the first day of the next term thereof."

It will be noticed that the statute required that the recognizance should be for the appearance of the defendant at the first day of the next term of the court, while the recognizance described in the petition is that he shall appear at the next term of the court.  An exhibit is attached to the petition, but not made a part of it, which purports to give a true copy of the recognizance, and in this language is that Liggotta shall be and appear before the court on the first day of the next term.  While we may not look at this exhibit to determine the sufficiency of the petition upon demurrer, we may probably assume that the obligation set out in the petition is sufficient to hold the defendants to answer for any default in the September term of the court.

It is urged that the allegation of the petition "that the said Angelo Liggotta did not appear at the next term of said court" is sufficient to show that his recognizance was forfeited at that term.

If this contention be sound, all the statements as to what occurred or did not occur at the January term, would seem to be surplusage, and it does seem somewhat difficult to know just what is relied upon as having occurred at the January term, which would render the defendants liable.

It is said that the accused did not abide the order of the court, but what that order is, is not stated.  It is said that he departed without leave, but if what is meant by the statement that he did not appear before the court is that he was not in or about the court room, then it is difficult to understand how he departed either without leave or with leave of the court.

Clearly the plaintiff relies for relief upon the provisions of Section 7180, Revised Statutes, which reads:

"When a person under recognizance in any criminal prosecution, either to appear and answer or to testify in any court, fails to perform the condition of such recognizance, his default shall be recorded and the recognizance forfeited in open court."

It is because of this provision that the petition sets out the open forfeiture at the January term, recognizing what we hold to be a true construction of the statute that until such forfeiture in open court, suit can not be maintained upon the recognizance. This being so, no recovery can be had because of the failure of the accused to appear at the September term. He was not called at that term; no attempt was made to have him called, and no forfeiture was declared.

It is urged, however, that as the case was continued to a subsequent term, the liability of the sureties continued.

It is difficult to understand why the General Assembly enacted what is now Section 7160a on the 9th day of May, 1908, found in 99 Ohio Laws, 356, if the law as it stood when this recognizance was entered into, meant what is claimed for it here. This new section reads:

"And in all cases in which an indictment or presentment is returned into the court of common pleas, such court shall require the accused to enter into a recognizance in such an amount as the court may fix. And it shall not be necessary to renew such recognizance at the end of the term or at any other time, except upon motion made to the court, or the court may upon its own motion renew the same, or, for proper cause shown, increase or decrease such recognizance. And said recognizance, when so given, shall be conditioned that the defendant abide the order and judgment of the court and appear from day to day and not depart without leave until such case is finally disposed of. And it shall not be necessary when said recognizance is so executed, for the accused to give any other recognizance pending any prosecution for error, but such recognizance shall continue and be in full force throughout the prosecution in error. But the court in which such error is prosecuted may for good cause shown increase or decrease such recognizance or remand the accused to the sheriff of the county in which such indictment or presentment was returned. Provided that when two or more indictments or presentments are returned against the same person at the same term, the recognizance given may be made to include all offenses charged therein."

As to the non-liability of the sureties upon this recognizance beyond the term of the court next after its execution, we regard the case of *Swank* v. *State,* 3 Ohio St., 429, as decisive that they

are not liable, and it may well be that the recent statute was enacted because of this decision.

We reach the conclusion therefore, that the judgment of the court below in sustaining the demurrer to the second amended petition was correct, and it is affirmed.